REED OIL COMPANY v. SHNABLE.

Opinion delivered May 11, 1925.

FIXTURES—RIGHT OF TENANT TO REMOVE IMPROVEMENTS.—Where a lease provided that improvements could be placed on the land at the lessee's option, but could not be removed unless the rent is paid in full, the lessee was entitled to remove such improvements on vacating the premises before expiration of the term of the lease, without paying the rent for the unexpired term; the requirement of payment before removal referring to rent due on vacating.

Appeal from Jefferson Chancery Court; *John M. Elliott*, Chancellor; reversed.

*R. W. Wilson* and *W. N. Ivie*, for appellant.

*Ruth Shnable* and *Mike Danaher* and *Palmer Danaher*, for appellee.

SMITH, J. This case was heard in the court below on the complaint and answer, the material portions of

which pleadings are as follows: It was alleged in the complaint that appellant leased a certain lot in the city of Pine Bluff from appellee. This lease contract was in writing, and contained the following provisions:

"The lessee agrees to pay to the lessor as rent for the period of this lease the sum of thirty-five dollars ($35) per month, the first monthly installment of rent to be due and payable May 17, 1922, and one to be due and payable on the 17th of each and every month thereafter during the term of this lease—said rent being payable in advance for each month, until all of said installments shall have been paid; said rent being evidenced by the 48 promissory notes of the lessee in favor of the lessor, dated May 17, 1922, in the sums above mentioned, and payable as above set forth, bearing interest from maturity at the rate of 10 per cent. per annum until paid.

"All improvements placed on said premises shall be made at the lessee's expense, and lessor shall not be required to make any improvements or repairs on said place whatever, and, at the termination of this lease, lessee may remove any buildings or other improvements placed on the land by them, provided the rent is paid in full. Lessee hereby agrees to pay all increase in taxes caused by erection of buildings or other improvements on said leased premises, if any increase is made."

Pursuant to this lease, appellant placed on the land certain tanks, a sheet-iron house, and a gasoline engine and gasoline pump, which, the complaint alleged, appellant was proceeding to take apart for removal from the land and to ship out of the State, and will take apart and remove unless enjoined from so doing.

It was further alleged that, "under said lease, there is due the plaintiff the sum of $910 as rent to May 16, 1926, before the defendant, the Reed Oil Company, is entitled, under the provisions of said lease, to remove any buildings or improvements that it has placed on said premises."

The answer in effect put in issue the respective rights of the parties under the lease. It was not alleged in the complaint that the defendant was insolvent, but the answer denied that defendant was insolvent, and alleged ownership of property in this State subject to execution of the market value of $25,000. The answer denied that appellant was in arrears in the rent or intended to defeat appellee in the collection of any rent due her under the contract.

The court found for the plaintiff on the pleadings, and entered a decree enjoining appellant from removing any of the fixtures which had been placed on the land, unless appellant would first pay all the rent which would accrue up to the expiration of the lease, and this appeal is from that decree.

In addition to the facts stated, there are certain other provisions of the lease, which are not material to the decision of the question presented. The lease imposed the affirmative obligation on appellant to pay $35 per month rent on the 17th of each month for forty-eight consecutive months.

By its express provisions the lease contract exempted appellant from the duty of making any improvements or repairs on the lot, but gave it the option of doing so, and the character of such improvements as might be placed on the lot as trade fixtures was expressly recognized, for the right of removal was given. But it is insisted —and the court below found—that the lease did not give this right of removal until the rent for the entire term had been paid.

After granting the right of removal, the lease does recite that this right may be exercised "provided the rent is paid in full." The parties no doubt contemplated that the lot would be occupied by the appellant for the entire term of the lease and that improvements would be placed on the lot, and we think the meaning of this proviso is that, after so occupying the land for the time

limited, improvements could not be removed unless all rents then due should be paid.

There was no obligation on the part of appellant to place improvements on the land. This was a right to be exercised at its election, but, if improvements were placed on the land, they could not be removed if appellant was in arrears in the payment of rent at a time when the right of removal was sought to be exercised. Now there is no allegation that appellant is in default in the payment of accrued rent. It is only alleged that there is rent which will mature and be payable during the remainder of the lease.

The instant case is very similar to the case of *Buffalo Zinc & Copper Co.* v. *Hale,* 136 Ark. 10, and is controlled by the principles there announced.

In that case certain buildings in question which the lessee sought to remove from the land leased were erected under a contract by the express terms of which the right of removal was reserved, as in the instant case, and we there said that the buildings did not therefore become a part of the realty, but remained the lessee's personal property. In that case, as in this, the contract of lease did not require the lessee to erect the fixtures, and the lessee had the right to erect the fixtures or not, as it pleased, and the rent to be paid was not dependent on the lessee's action in this respect. A fixed rental was provided for in any event.

It was there contended that the right of removal would not have existed but for the contract, and that the provisions of the contract which gave the right of removal conferred the right in the event only that all of the rent be paid for the full period of the lease. We answered that contention by saying that it appeared from the lease contract itself that the buildings were erected on the leased premises solely for the purpose of enabling the lessee to carry on a business or trade, and were intended for its own use and convenience, and not for the purpose of making or increasing the value of the

lots or the value of their use, and that the right to take possession of the property was given only after forfeiture had been declared, and that the lessor could not take possession of the buildings so as to permit the exercise of ownership and control of them by the lessee, when no right to declare a forfeiture existed.

In that case, as in this, no right was given the lessor to collect rent except as it became due, nor was there a showing that the lessee would not continue the performance of the contract with reference to the payment of rent. There is here no allegation of insolvency; on the contrary, the allegation of the answer is that appellant owns unincumbered property in this State subject to execution of the value of $25,000.

Under these facts, the removal of the trade fixtures should not have been enjoined, and the decree so ordering will be reversed, and the injunction will be dissolved.